| **Munroe v Grillo** |
|:---:|
| 2026 NY Slip Op 30796(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No, 158943/2024 |
| Judge: Christopher Chin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. CHRISTOPHER CHIN**      PART      **22**

*Justice*

-------------------------------------------------------------------X

Munroe, Ashley

                   Plaintiff,

       - v -

Grillo, James

               Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158943/2024 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for             **DISMISS**             .

In this personal injury action, defendant motor vehicle driver and owner James Grillo moves to dismiss plaintiff's complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction, and pursuant to CPLR 327 (a) on forum non conveniens grounds. Plaintiff, a pedestrian who alleges that she sustained serious personal injuries when defendant's motor vehicle struck her, opposes the motion. At oral argument, the court directed defendant to submit a reply with supporting caselaw and/or additional statutory law, and issued an interim order with the reply date and motion adjourned date. Defendant replied on December 10, 2025, and the motion was submitted on December 18, 2025.

In plaintiff's verified complaint, plaintiff alleges that on June 11, 2024, defendant negligently and carelessly operated his motor vehicle and struck plaintiff when she was lawfully walking in the parking lot of the Manhattan Veterans Administration (VA) building located at East 23rd Street in New York County, City and State (VA Hospital). The complaint names only

158943/2024  MUNROE, ASHLEY vs. GRILLO, JAMES        Page 1 of 8
Motion No. 001

1 of 8

[* 1]

defendant and asserts claims against defendant Grillo. Plaintiff's verified bill of particulars does not make allegations to the contrary.

Defendant's verified answer denies the allegations and asserts thirteen affirmative defenses. These include: lack of subject matter jurisdiction (12th affirmative defense); and, that the "case is brought in an improper venue as this matter occurred on United States Federal Property under which the currently venued Court does not have jurisdiction over the parties and the subject matter pursuant to the Federal Torts Claim Act as well as other applicable law" (thirteenth affirmative defense). The answer does not assert that at the time of the accident the motor vehicle was owned by the United States or that defendant was a federal employee acting within the scope of his office or employment.

The Motion

Defendant argues that the accident occurred in the parking lot on federal land, and, pursuant to the Federal Tort Claims Act (FTCA), this court therefore lacks subject matter jurisdiction. As factual support, defendant relies on the response to his inquiry as set forth in his email to the VA Hospital stating: "Can you tell me who owned the VA location at the below address as of/on June 11, 2024? Manhattan VA Medical Center, 423 East 23 Street, New York, NY 10010." The court notes that the request does not specify the parking lot. The email was routed for action and the Freedom of Information Act response by the U.S. Department of Veterans Affairs (FOIA response) includes the following. Using the search criteria of the deed of 423 East 23rd Street, New York, New York 10010, the "United States Government owns the Manhattan VA Medical Center located at 423 East 23rd Street[,] New York, NY 10010 during

158943/2024 MUNROE, ASHLEY vs. GRILLO, JAMES
Motion No. 001

Page 2 of 8

the time of 6/11/2024 and to present." The FOIA response also states that the "deed is over 75 years old and due the fragile condition and historical significance of the document [they] cannot make copies." It provides a "picture of two pages that [they] believe will satisfy [defendant's] request." One page appears to be a 1959 letter to the VA Hospital's then manager. The letter stated that the original title documents of when the site was acquired were sent to the National Archives for safekeeping. The letter noted it was providing photostats. The second picture is of the first page of a document labeled Deed which provides that "[t]he land affected by the within instrument lies in Section 3, Block 956, on the land map of the County of New York," as recorded in the Office of the Register of the City of New York. In further support, defendant states that the "motor vehicle accident was investigated by the Federal Police."

Defendant does not cite FTCA statutory language or any case law to support his motion pursuant to CPLR 3211 (a) (2). So too, with respect to the requested dismissal pursuant to CPLR 327 (a), "as well as relevant law and case law," defendant does not provide supporting statutory language or case law; defendant seeks this relief only by conclusory language.

Plaintiff argues that the motion "must be denied as it is not supported by any legal basis." Plaintiff also argues that the FTCA is not applicable to this action, as the United States is not a party and defendant motor vehicle operator and apparently owner is a private individual and not an employee of the VA Hospital. Additionally, plaintiff argues that: (1) irrespective of whether or not the accident occurred on the parking lot of the VA Hospital, it does not deprive this court of subject matter jurisdiction; (2) there is no diversity jurisdiction as both parties reside in New York; and (3) the action is based on negligence and does not present a federal question or

involve federal law. Plaintiff further argues that the motion is premature as there is a paucity of discovery. Additionally, plaintiff argues that the moving papers failed to establish entitlement to dismissal.

Defendant's reply argues that a "Police Report was generated by a police officer for the VAMC Veterans Affair Police Department alleging a violation under 38 CFR 1.218 (B) (33)" ("Operation of a vehicle in a reckless or unsafe manner"). That violation was dismissed "in Federal Court pertaining to this matter" as the "officer did not witness the accident alleged." Defendant attaches various documents including the incident report and the notice to appear. The court notes that the incident report identifies both James Grillo ("Offender") and Ashley Munroe ("Victim") as non-employees and the non-employee type as contractor. Defendant asserts that plaintiff "does not have authority over the Veterans Affairs Police" and it is counsel's "understanding based upon the facts presented in this case that the Court does not have jurisdiction over the Federal Police nor this matter." Defendant quotes and relies upon the following sections from the Code of Federal Regulations (CFR), found under 38 CFR 1.218, titled "Security and law enforcement at VA facilities": 1.218 (a), titled "Authority and rules of conduct;" 1.218 (a) (12), titled "Vehicular and pedestrian traffic," and 1.218 (b) titled "Schedule of offenses and penalties."

Defendant further argues that since both plaintiff and defendant were working at the premises for contractors of the US Government, "they are indicated as authorized workers and special employees of the US Government" and "[t]herefore, [the] action falls under the purview of the United States District Court requiring the plaintiff to file claims in Federal Court rather

158943/2024  MUNROE, ASHLEY vs. GRILLO, JAMES
Motion No. 001

Page 4 of 8

than state court". No statutory language or case law in support of this assertion is cited. Defendant also argues that the "Federal Tort Claims Act as well as the foregoing evidence provides for this matter to be brought in United States District Court under the facts of this case". Defendant also does not cite any supporting case law for this assertion.

Additionally, defendant argues that "plaintiff is seeking to enforce the rules of the NYS Vehicle and Traffic Law, NYCPLR as well as the Insurance Laws of the State of New York", but "CFR 1.218 (a) clearly states that the responsibility for the enforcement of these rules and regulations including those involving motor vehicle [accidents] fall under the charge of Veterans Affairs and, ergo, the Federal Government" (*id.*). "This is further evidenced by the fact that neither [the] NYPD nor the State Police had a hand in handling this matter and the matter of the violation was held in Federal Court" (*id.*). Defendant does not provide any case law in support for either argument. Defendant does not include any support for that part of the motion seeking to dismiss pursuant to CPLR 327 (a) due to inconvenient forum.

## Discussion

Defendant's motion is hereby denied. As correctly argued by plaintiff, defendant fails to meet his burden in his moving papers. Additionally, defendant's reply papers do not provide the requisite support. As an initial matter, it is not clear that defendant has sufficiently established in this motion that the motor vehicle accident occurred on federal land as the inquiring email and the FOIA response referenced only the VA Hospital, and defendant and the VA did not specify or reference the location of the current parking lot. The court nonetheless will assume for

purposes of this motion only that the deed and the FOIA response included the current parking lot area of the VA Hospital.

Defendant fails to demonstrate that the FTCA or another statute applies to these circumstances and deprives this court of subject matter jurisdiction over this motor vehicle accident. Nor does defendant cite any supporting case law. Similarly, defendant has not met his burden pursuant to CPLR 327 (a).

The FTCA is codified in Title 28 of the United States Code in various sections. 28 USC § 1346 (b) (1) provides in relevant part as follows:

> "Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

In this action, the complaint does not name or make allegations against the United States with respect to a negligent or wrongful act. Nor does the complaint allege that defendant is a federal employee who was acting within the scope of his employment or office when the accident occurred. Defendant accordingly has not shown that the FTCA is applicable to this case by its statutory language or by any interpreting case law. Defendant's arguments also fail to establish any basis for the FTCA to apply to this motor vehicle accident as plaintiff and defendant are both identified in the incident report as non-employees of the Federal Government.

Defendant similarly does not point to any statutory language within the cited CFR sections or case law to support his argument that this court is deprived of subject matter jurisdiction over this action. Additionally, defendant fails to cite statutory law or case law demonstrating that this court otherwise is deprived of subject matter jurisdiction over this motor vehicle accident. For example, the complaint does not make any allegation or seek any relief with respect to the violation issued by and the actions of the VA Police Department and the District Court's dismissal of the violation.

The court also finds that defendant fails to meet his burden as to that part of the motion seeking to dismiss pursuant to CPLR 327 (a) on forum non conveniens grounds. "On a motion to dismiss on the ground of forum non conveniens, a defendant bears the burden of demonstrating that the 'relevant private or public interest factors militate against accepting the litigation'" (*Swaney v Academy Bus Tours of N.Y., Inc.,* 158 AD3d 437, 438 [1st Dept 2018], quoting *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). While none of the factors are controlling, the "[r]elevant factors include the burden on New York courts, the potential hardship to the defendant, the availability of an alternative forum, the residence of the parties, and the location where the cause of action arose" (*Swaney,* 158 AD3d at 438, citing *Islamic Republic of Iran,* 62 NY2d at 479). "The movant seeking dismissal has a heavy burden of establishing that New York is an inconvenient forum and that a substantial nexus between New York and the action is lacking" (*Elmaliach v Bank of China Ltd,* 110 AD3d 192, 208 [1st Dept 2013], internal quotation marks and citations omitted]). Here, defendant does not address any of the relevant factors, does not provide supporting case law, and therefore failed to meet his heavy burden required to dismiss pursuant to CPLR 327.

158943/2024  MUNROE, ASHLEY vs. GRILLO, JAMES
Motion No. 001

Page 7 of 8

7 of 8

[* 7]

Accordingly, it is

ORDERED that defendant's motion to dismiss pursuant to CPLR 3211(a) (2) for lack of subject matter jurisdiction and pursuant to CPLR 327 (a) on non conveniens grounds is denied; and it is further

ORDERED that, **pursuant to the stipulation and order dated February 13, 2026, all parties shall appear in person for a discovery conference on May 8, 2026, at 9:30, at 80 Centre Street, Room 103**; and it is further

ORDERED that plaintiff shall serve notice of entry of this Decision and Order upon defendant and the County Clerk's Office within 20 days of its posting on NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **3/3/2026** | CHRISTOPHER CHIN, J.S.C. |
| DATE | |

CHECK ONE:
- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED [X] DENIED
- [ ] GRANTED IN PART
- [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

158943/2024   MUNROE, ASHLEY vs. GRILLO, JAMES
Motion No. 001

Page 8 of 8

[* 8]